DAVID W. DEMAREST v. LEO B. HURD.

In transitory actions, the court will not change the venue on the ground
of inconvenience, upon any nice balancing of circumstances of mere
accommodation to the parties.  Over these the legal right of the
plaintiff must prevail.

Rule to change venue.

This was a rule to show cause why the venue in the above
cause should not be changed from the county of Morris to the
county of Sussex.

Argued at June Term, 1884, before Justices KNAPP,
DIXON and PARKER

For the rule, *Kays, Huston & Kays.*

*Contra, Martin Rosenkrans.*

The opinion of the court was delivered by

KNAPP, J.   The action is *assumpsit.*  The plaintiff is a
resident of Morris county, and was at the time suit was com-
menced.   The venue was therefore properly laid in that
county.   In actions merely transitory the venue may be laid
at the discretion of the plaintiff, " in the county in which the
cause of action arose, or in which either the plaintiff or the
defendant resides at the time of instituting the action, or, where
the defendant be not an inhabitant of the state, in the county
in which process shall have been served upon him."   *Prac-
tice Act,* § 230, *Rev., p.* 883.   The defendant is a resident of
the county of Sussex, to which county he asks venue to be
changed.

When the plaintiff has laid the venue in one of the places
designated by law, it may still, under special circumstances, in
the discretion of the court, be changed from one to another of

the designated counties.   The statute leaves the court this discretion.   *Bell* v. *Morris Canal Co.*, 3 *Green* 63.   When the venue is properly laid, and it is made to appear to the court that a fair trial cannot be had in that county, the court will, on that account, order a change of venue.   *Murray* v. *Railroad Co.*, 3 *Zab.* 63.   So, too, a change may be ordered when circumstances are brought before the court showing that the defendant will be exposed to unnecessary difficulty, or that the fair administration of justice will be interrupted; and the venue may be changed after plea pleaded.   *Wildes* v. *Mairs*, 1 *Halst.* 320.

The grounds laid in the affidavits taken under the rule are that the defendant has a number of witnesses necessary to his defence, all residing in Sussex county; that he and they will be put to the inconvenience of going from that county to Morristown to make their defence, causing greater expense to him than would attend the trial of the cause in his own county.   But it also appears that the plaintiff resides in Morris county, and has witnesses there which he, on a change of venue, must carry, at expense and inconvenience to himself, from Morris county to Sussex county.   It is a circumstance that quite frequently occurs that witnesses are necessarily brought from one county to another to try a cause.   This circumstance in itself, I take it, is not sufficient ground to transfer the cause.   There must be some special circumstance of difficulty shown to warrant such change.   Here the most that can be said is that there is inconvenience against inconvenience, and as the plaintiff had the right to determine for himself in which of the legally-designated counties the venue should be laid, it was his right to decide in view of his own interests.   The court will never change venue for this cause upon any nice balancing of circumstances of mere accommodation to the parties.   Over these the legal right of the plaintiff must prevail.

We think the grounds laid are inadequate to justify the change asked for, and the rule must be discharged, with costs.